# CIRCUIT COURT OF THE CITY OF RICHMOND

Georgia Fay Talbot

v.

William W. Martin, Jr.,
and C. Kent Titus

October 1, 1984

Case No. LH-46

## By JUDGE WILLARD I. WALKER

I have decided to enter judgment in this case upon the jury verdict of one million dollars against both defendants, jointly and severally.

As we all know, there has been much discussion in the circuit courts of Virginia and elsewhere as to the constitutionality of the monetary limitation (the cap) imposed by Code of Virginia § 8.01-581.15. In fact, I have been informed that a case in which that issue has been raised has been argued before the Supreme Court of Virginia and is ripe for decision.

I have thought in the past, and have so ruled, that the Supreme Court of Virginia would uphold the constitutionality of that statute; however, I now feel that a stronger argument is made by my present position.

In this case, there is also the issue of applying a single limit on more than one defendant. The language of § 8.01-581.15 leaves room for doubt that a single limit should apply with multiple defendants. Logic, as well as analysis of the words used, dictates that a single limit should not apply where the combined action of two or more health care providers are responsible for a single indivisible injury. Assuming the constitutionality of

the statute, it makes sense to limit recovery against one health care provider, no matter how severe the injury, to preserve competent health care in this Commonwealth; but where, as here, the injuries clearly justify an award in excess of the statutory limitation, and two health care providers by different and separate acts of negligence have caused these injuries, allowing the maximum recovery as to each health care provider seems warranted. Actually, such a ruling may tend to preserve the constitutionality of the statute, a desirable result.

The appeal bond in this case will be one million dollars, but St. Paul's Insurance Company may, itself, post the bond without outside surety. The bond must be posted within twenty-one days from September 28, 1984.

The final order in this case was entered September 28, 1984, and with the agreement of counsel the transcript was ordered to be made part of the record pursuant to provisions of Rule 5:9 of the Supreme Court of Virginia.